# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALVA L. BENNETT,
    Appellant,

v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
AT-0831-14-0001-I-1

DATE: September 30, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Alva L. Bennett, Ocean Springs, Mississippi, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appellant's appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The Office of Personnel Management (OPM) issued a September 3, 2013 reconsideration decision, which found that the appellant was overpaid $3,819.00 in Civil Service Retirement System annuity benefits. Initial Appeal File (IAF), Tab 6 at 9. On September 26, 2013, the appellant filed an appeal to the Board contesting OPM's reconsideration decision. IAF, Tab 1. On November 6, 2013, OPM moved to dismiss the appeal, stating that it had rescinded its reconsideration decision to address the appellant's issues. IAF, Tab 6 at 4. OPM further stated that, once the appeal was dismissed, it would issue a new reconsideration decision that would include new appeal rights. *Id.* The administrative judge granted OPM's motion and dismissed the appeal for lack of jurisdiction. IAF, Tab 7.

¶3 The appellant filed a timely petition for review arguing that OPM had "resumed" its initial decision without issuing a new reconsideration decision thereafter. Petition for Review (PFR) File, Tab 1. OPM filed a response in opposition. PFR File, Tab 4. The Board issued a show cause order instructing the appellant to submit evidence and argument to support his claim that OPM had resumed action on his case and issued a new decision. PFR File, Tab 6. The

appellant responded to the show cause order with a deposit record indicating that OPM indeed resumed annuity overpayment deductions beginning on December 1, 2013.  PFR File, Tab 7 at 11.  OPM submitted a response acknowledging that it had erroneously begun recovery of the debt but that it had terminated debt collection and refunded the amounts it erroneously withheld.  PFR File, Tab 8 at 4.  OPM submitted records of the payments it had made to the appellant since the petition for review was filed.  *Id.* at 6-8.

¶4       The Board has held that, if OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed.  *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013).  However, an agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless the agency completely rescinds the action being appealed.  *Id.*  Thus, the Board has held that, where OPM claims to have rescinded a reconsideration decision but the appellant has not been restored to the status quo ante, OPM has not actually rescinded its final decision and the appeal remains within the Board's jurisdiction.  *Id.*, ¶ 10 (citing *Butler v. Office of Personnel Management*, 46 M.S.P.R. 288, 291 (1990)).  Based on OPM's acknowledgement on review that it continued collecting the alleged overpayment in this case, we find that the appellant had not been restored to the status quo ante at the time the administrative judge dismissed the appeal.  However, OPM's response to the Board's show cause order demonstrates that it has now completely rescinded its reconsideration decision and restored the appellant to the status quo ante.  The Board therefore lacks jurisdiction over the appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.